UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOSEPH GENTRY REDMAN, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:22-cv-03221-SEM |
| ) | |
| STATE OF ILLINOIS *et al.*, ) | |
|     Defendants. ) | |

### MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court for screening is a complaint [1] filed under 42 U.S.C. § 1983 by Plaintiff *pro se* Joseph Gentry Redman, who is incarcerated at Graham Correctional Center. Plaintiff's pleading alleges constitutional violations against the State of Illinois ("State") and the Illinois Department of Corrections ("IDOC") Parole Review Board ("Board") in connection with his mandatory supervised release. The Court dismisses Plaintiff's case, concluding that Plaintiff fails to state a plausible claim for relief.

### I. SCREENING STANDARD

The court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C.

§ 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. COMPLAINT

### A. Facts

Plaintiff asserts that he lost his residence to fire. Consequently, the scheduled date Plaintiff began serving his mandatory supervised release ("MSR") term, commonly called parole, was delayed until Plaintiff established suitable housing. Plaintiff believes this delay establishes a constitutional violation.

### B. Analysis

Plaintiff cannot sue the State because "[t]he Illinois sovereign immunity statute protects the State against being 'made a

defendant or party in any court.'" *Murphy v. Smith*, 844 F.3d 653, 658 (7th Cir. 2016) (quoting 745 ILCS 5/1); *see also Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (holding that the Eleventh Amendment bars a damages suit against a State but advising Courts to dismiss on the ground that § 1983 does not authorize such lawsuits before addressing a constitutional defense).

Plaintiff also does not state a claim against the Board. Section 1983 provides a claim against a person acting under the color of law who deprives another of a federal right. 42 U.S.C. § 1983. *See Knight v. Wiseman*, 590 F.3d 458, 462–63 (7th Cir. 2009) (concluding that since a § 1983 cause of action is against a 'person,' in order '[t]o recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.'") (quoting *Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006)); *see also Thomas*, 697 F.3d at 613 (holding that "a state and its agencies are not suable 'persons' within the meaning of section 1983") (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-70 (1989)).

Furthermore, "Illinois law requires [IDOC] to ensure that inmates have proper and approved residences before releasing them

on parole." *Smith v. Anderson*, 874 F.3d 966, 968 (7th Cir. 2017) (citing 20 Ill. Admin. Code § 1610.110). Illinois law "also authorizes [IDOC] to hold inmates until it has approved their living arrangements." *Id. See Neville v. Walker*, 878 N.E.2d 831, 835 (Ill. App. 4 Dist. 2007) ("[A]n inmate is entitled to MSR only so long as that inmate complies with the conditions imposed by the [Parole Review] Board.") (citing 730 ILCS 5/3-3-7 (West 1998); 730 ILCS 5/3-3-7 (West 2006)).

The Supreme Court has clarified that "parolees have a more limited liberty interest than ordinary citizens." *Knox v. Smith*, 342 F.3d 651, 657 (7th Cir. 2003) (citing *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) ("Revocation [of parole] deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.")). Additionally, officers responsible for an inmate's continued detention until residential housing can be established are entitled to qualified immunity. *Smith*, 874 F.3d at 968.

Accordingly, the Court concludes that Plaintiff's allegations fail to state a § 1983 claim. Although the Court has the discretion to

permit Plaintiff to file an amended complaint, it is unnecessary when, as here, the Court finds that any amendment to the claim raised in Plaintiff's pleading would be futile. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013); *see also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

**IT IS THEREFORE ORDERED:**

1) **The Court DISMISSES Plaintiff's complaint [1] under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim on which relief may be granted. Because any amendment to the complaint would be futile, the Court DIRECTS the Clerk of the Court to enter a judgment under Fed. R. Civ. P. 58. Plaintiff remains responsible for any unpaid balance of the $350 filing fee.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of her grounds for**

**appealing so that the district judge "can make a reasonable assessment of the issue of good faith");** *Walker v O'Brien,* **216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED March 3, 2023.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
